Receipt Number
5(d(6)2(d)



## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

JOYCE E. SCHMIDT,

       Plaintiff,

  vs.

WOLPOFF & ABRAMSON, LLP, a District
of Columbia Limited Partnership, PALISADES
COLLECTION, LLC, a Delaware Limited Liability
Company, HSBC Card Services, Inc., a Delaware
Corporation, ASTA FUNDING, INC., a New Jersey
Corporation, and SHERMETA, ADAMS &
VONALLMEN, d/b/a SHERMETA & ADAMS,
P.C., a Michigan Professional Corporation,

       Defendants.

Case: 2:08-cv-10127
Judge: Borman, Paul D
Referral MJ: Komives, Paul J
Filed: 01-08-2008 At 04:49 PM
REM SCHMIDT V WOLPOFF & ABRAMSON, e
t al (LMW)

## NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b)

## (FEDERAL QUESTION)

      PLEASE TAKE NOTICE that Defendants Wolpoff & Abramson, LLP, Palisades

Collection, LLC and Asta Funding, Inc. (collectively "Defendants") hereby remove to this

Court the state court action described below.

      1.    On December 4, 2007, Plaintiff Joyce E. Schmidt ("Plaintiff") commenced

an action in the Circuit Court for the County of Oakland, State of Michigan, entitled and

captioned:  *Joyce E. Schmidt vs. Wolpoff & Abramson, LLP, a District of Columbia*

*Limited Partnership, Palisades Collection, LLC, a Delaware Limited Liability Company,*

*HSBC Card Services, Inc., a Delaware Corporation, Asta Funding, Inc., a New Jersey*

*Corporation, and Shermeta, Adams & Von Allmen, d/b/a Shermeta & Adams, P.C., a*

*Michigan Professional Corporation*, Case No. 07-87753-NZ.  A copy of the summons

and complaint received by Defendants is attached and marked as Exhibit "A".

1080492v1

2.     This action is a civil action of which this Honorable Court has original jurisdiction under 28 U.S.C. § 1331, and is one which may be removed to this Court by Defendants pursuant to 28 U.S.C. § 1441(b) in that it presents federal questions, in that Plaintiff alleges violations of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act ("FDCPA") and violations of 15 U.S.C. § 1681 *et seq.*, the Fair Credit Reporting Act ("FCRA").

3.     Wolpoff & Abramson , LLP was served on December 12, 2007.  Palisades Collection, LLC and Asta Funding, Inc. were served on December 13, 2007.   This removal is timely pursuant to 28 U.S.C. § 1446(b).

4.     To the best of the undersigned's knowledge, no other pleadings or documents, other than the summons and complaint attached hereto, have been filed in this matter.

5.     HSBC Card Services, Inc. has consented to the removal of this matter, as per the attached Exhibit "B".

6.     Shermeta, Adams & Von Allmen, d/b/a Shermeta & Adams have consented to the removal of this matter, as per the attached Exhibit "C".

7.     As required by 28 U.S.C. § 1446(d), Defendants will give notice of the filing of this notice to the Plaintiff and to the clerk of Circuit Court for the County of Oakland, State of Michigan, where the action is currently pending.

WHEREFORE, Defendants respectfully request that the above captioned matter currently pending in the Circuit Court for the County of Oakland, State of Michigan, be removed to this Honorable Court.

MOSS & BARNETT, P.A.

By: _____

John K. Rossman, (MN244831)
Appearing pursuant to Local Rule 83.20(e)
4800 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
(612) 877-5000
Facsimile: (612) 877-5999
RossmanJ@moss-barnett.com

STEVEN A. SIMAN, P.C.

By: _____

Steven A. Siman (P20480)
Attorney for Defendants Wolpoll Palisades, Asta
3250 W. Big Beaver, Suite 344
Troy, MI 48084
(248) 643-4700
sas@simanlaw.net

Dated: January 8, 2008

# Exhibit A

STATE OF MICHIGAN
JUDICIAL DISTRICT
6th   JUDICIAL CIRCUIT

SUMMONS AND COMPLAINT

07-087753-NZ

JUDGE JOHN V. MCDONALD
SCHMIDT JOYCE   v   WOLPOFF & ASS

Court Address
1200 N. Telegraph Rd., Pontiac, MI  48341

Plaintiff name(s), address(es) and telephone no(s)

JOYCE E. SCHMIDT

V

Defendant name(s), address(es), and telephone no(s)

PALISADES COLLECTION, LLC
RA: The Corporation Company
30600 Telegraph Road
Bingham Farms, MI  48025

Plaintiff attorney, bar no., address, and telephone no.

DANI K. LIBLANG (P33713)
260 E. BROWN STREET, SUITE 320
BIRMINGHAM, MI 48009
(248)540-9270

**NOTICE TO THE DEFENDANT**: In the name of the people of the State of Michigan, you are notified:

1. You are being sued.
2. YOU HAVE 21 DAYS after receiving this summons to file an answer with the court and serve a copy on the other party or to take other lawful action (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the    relief demanded in the complaint.

| Issued | This summons expires | Court clerk |
|---|---|---|
| DEC 0 4 2007 | JUN 0 4 2008 | RUTH JOHNSON |

*This summons is invalid unless served on or before its expiration date

X  There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the Complaint.

__ A civil action between these parties or other parties arising out of the transaction or occurrence as alleged in the complaint has been previously filed in_____

__ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.

__ An action within the jurisdiction of the family division of the circuit court involving the family or family members    of    the parties has been previously filed in _____ Court.

The docket number and assigned judge of the civil/domestic relations action are:

| Docket no | Judge | Bar no |
|---|---|---|
|  |  |  |

The civil/domestic relations action__ remains    __ is no longer    pending.

| VENUE | |
|---|---|
| Plaintiff(s) residence (include city, township, or village) | Defendant(s) residence (include city, township, or village) |
| Oakland County | Oakland County |
| Place where action arose or business conducted | |
| Oakland County | |

I declare that the complaint information above and attached is true to the best of my information, knowledge, and belief.

12-3-07
Date

Signature of attorney/plaintiff

**COMPLAINT IS STATED ON ATTACHED PAGES. EXHIBITS ARE ATTACHED IF REQUIRED BY COURT RULE.**

If you require special accommodations to use the court because of disabilities, please contact the court immediately to make arrangements

MC 01 (11/97) SUMMONS AND COMPLAINT

MCR 2.102(B)(11), MCR 2.104, MCR 2.107, MCR 2.113(C)(2)(a)(b), MCR 2.114(A)

## STATE OF MICHIGAN

### IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND

RECEIVED FOR FILING
OAKLAND COUNTY CLERK

JOYCE E. SCHMIDT,

    Plaintiff,

2007 DEC -4  P 2: 32

07-087753-NZ

-vs-

    Case No. 07-

BY:_____
    DEPUTY COUNTY CLERK

JUDGE JOHN J. MCDONALD
SCHMIDT JOYCE  v  WOLPOFF & ABR

WOLPOFF & ABRAMSON, LLP, a District
of Columbia Limited Partnership, PALISADES
COLLECTION, LLC, a Delaware Limited Liability
Company, HSBC Card Services, Inc., a Delaware
Corporation, ASTA FUNDING, INC., a New Jersey
Corporation, and SHERMETA, ADAMS &
VON ALLMEN, d/b/a SHERMETA & ADAMS,
P.C., a Michigan Professional Corporation,

    Defendants.

_____

LIBLANG & ASSOCIATES, P.C.,
BY: DANI K. LIBLANG (P33713)
    SCOTT P. MUSSIN (P66748)
Attorneys for Plaintiff
260 East Brown Street, Suite 320
Birmingham, MI 48009-3380
(248) 540-9270

_____

### COMPLAINT AND JURY DEMAND

> There is no other civil action between these parties arising out of the same
> transaction or occurrence as alleged in this complaint pending in this court, nor has
> any such action been previously filed and dismissed or transferred after having been
> assigned to a judge, nor do I know of any other civil action, not between these
> parties, arising out of the same transaction or occurrence as alleged in this
> complaint that is either pending or was previously filed and dismissed, transferred,
> or otherwise disposed of after having been assigned to a judge in this court.

    Plaintiff, by her attorneys, Liblang & Associates, P.C., complains against the above named

Defendants, as follows:

### INTRODUCTION

    1.    This is an action for damages and declaratory relief, brought by a consumer against

debt collectors in response to their violations of the federal Fair Debt Collection Practices Act

("FDCPA"), 15 USC 1692, *et seq*, the Michigan Collection Practices Act ("MCPA"), MCL 445.251,

*et seq*, and the Michigan Consumer Protection Act ("CPA"), MCL 445.901, *et seq*. Plaintiff seeks

damages in excess of $25,000 together with equitable and declaratory relief, and this cause is otherwise within the jurisdiction and venue of this Court.

## GENERAL ALLEGATIONS

2.     Plaintiff is a resident of the City of Sturgis, St. Joseph County, Michigan, and is a "consumer" as that term is defined in the Fair Debt Collection Practices Act, and a "consumer" and "debtor" as those terms are defined in the MCPA.

3.     Defendant, Wolpoff & Abramson, LLP ("Wolpoff"), is a District of Columbia limited liability partnership, and maintains a regional office in Oakland County located at 39500 High Point Boulevard, Suite 250, Novi, Michigan 48375, and all times relevant hereto was and is a "debt collector" under the FDCPA and a "creditor" or "regulated person" under the MCPA.

4.     Defendant, Palisades Collection, LLC ("Palisades"), is a Delaware limited liability company, and at all times relevant hereto was and is a "debt collector" under the FCPA and a "creditor" or "regulated person" under the MCPA, with its registered offices located in the City of Bingham Farms, Oakland County, Michigan.

5.     Defendant, Asta Funding, Inc. ("Asta"), is a New Jersey corporation, and at all times relevant hereto was and is a "debt collector" under the FCPA and a "creditor" or "regulated person" under the MCPA and carried on a continuous and systematic portion of its business throughout the State of Michigan, including Oakland County.

6.     Defendant, HSBC Card Services, Inc. ("HSBC"), is a Delaware corporation, and at all times relevant hereto was a "creditor" under the MCPA, with its registered offices located in the City of Bingham Farms, Oakland County, Michigan.

7.     Defendant, Shermeta, Adams & Von Allmen, P.C., d/b/a Shermeta & Adams, P.C. ("Shermeta"), is a Michigan professional corporation, and at all times relevant hereto was and is a "debt collector" under the FCPA and a "creditor" or "regulated person" under the MCPA, with its principal offices located in the City of Rochester, Oakland County, Michigan.

8.     In 2003, Defendant HSBC filed an action against Plaintiff in the 3-B District Court in St. Joseph County, being *HSBC v Schmidt*, Case No. 03-1626-GC ("the District Court action"), alleging that Plaintiff was indebted to Defendant with respect to a credit card account ending in 4199

("the HSBC debt") (a copy of the Complaint in that case is in the possession of Defendants HSBC and Shermeta and is not attached here for privacy reasons).

9.      Any indebtedness incurred by Plaintiff under the HSBC debt would have been goods or services obtained for personal, household or family purposes and, thus, any debt that Plaintiff may have incurred in connection with the HSBC account was a "debt" as that term is defined and used in the FDCPA and MCPA.

10.      In February of 2004, Plaintiff and HSBC, through its attorneys, Defendant Shermeta, entered into a settlement agreement and, on February 19, 2004, Defendant HSBC's attorneys submitted a stipulated order for dismissal to the 3-B District Court for entry, which Order was entered by the Court, with prejudice and without costs, on February 20, 2004 (a copy of said Order is in the possession of Defendants).

11.      On or about November 10, 2004, despite the aforesaid dismissal Order, Defendant Shermeta sent a letter directly to Plaintiff demanding payment on the alleged HSBC debt that was the subject of the aforesaid District Court action (a copy of the November 10, 2004, letter is in the possession of Defendant Shermeta and is not attached here for privacy reasons).

12.      On or about December 7, 2004, Plaintiff sent a letter to Defendant Shermeta disputing the HSBC debt (a copy of Plaintiff's December 7, 2004, letter is in the possession of Defendant Shermeta and is not attached here for privacy reasons).

13.      On or about December 8, 2004, Defendant Shermeta obtained Plaintiff's credit report, falsely representing that it had a permissible purpose, i.e., the collection of the HSBC debt (records concerning this access are believed to be in the possession of Defendant Shermeta and/or Defendant HSBC; Plaintiff has not attached the pertinent credit report for privacy reasons but, will make a copy available to Defendants subject to an appropriate protective order).

14.      Upon information and belief, Defendant Shermeta received Plaintiff's December 7, 2004, dispute letter on or about December 11, 2004, and provided same to its client, Defendant HSBC.

3

15.     On or about December 29, 2004, Defendant HSBC sold the above described credit card account to Defendant Palisades, representing the HSBC debt to be $5,174.41 (copies of the pertinent documents are believed to be in the possession of Defendants HSBC and Palisades).

16.     On or about April 22, 2006, Defendant Palisades sent a letter directly to Plaintiff demanding payment on the alleged HSBC debt that was the subject of the aforesaid District Court action (a copy of the April 22, 2006, letter is in the possession of Defendant Palisades and is not attached here for privacy reasons).

17.     On or about May 9, 2006, Plaintiff, through her then-attorney, Jack Lintner, sent a letter to Defendant Palisades disputing the HSBC debt (a copy of said May 9, 2006, letter is in the possession of Defendant Palisades and is not attached here for privacy reasons).

18.     On or about June 5, 2006, Defendant Palisades sent a letter to Plaintiff's attorney, Jack Linter, asserting that it had purchased the account from HSBC, indicating that it had a continued right to collect on the alleged debt (a copy of the June 5, 2006, letter is in the possession of Defendant Palisades and is not attached here for privacy reasons).

19.     Upon information and belief, sometime between or around June 5, 2006, and June 14, 2006, Defendant Palisades retained Defendant Wolpoff to attempt to collect the alleged HSBC debt.

20.     On or about June 14, 2006, June 27, 2006, and January 3, 2007, Defendant Wolpoff obtained Plaintiff's credit report, falsely representing that it had a permissible purpose, i.e., the collection of the HSBC debt (records concerning this access are believed to be in the possession of Defendant Wolpoff and/or Defendant HSBC; Plaintiff has not attached the pertinent credit report for privacy reasons but, will make a copy available to Defendants subject to an appropriate protective order).

21.     On or about January 26, 2007, Plaintiff sent a dispute letter to Defendant HSBC, requesting that HSBC cease collection activities on the subject account (a copy of the January 26, 2007, letter is in the possession of Defendant HSBC and is not attached here for privacy reasons).

22.     On or about February 2, 2007, Defendant HSBC sent a letter directly to Plaintiff claiming to have "reviewed the matter in great detail," and advising Plaintiff that the account had been sold to Defendant Asta on December 16, 2005, "due to the delinquent nature of your account"

4

(a copy of the February 2, 2007, letter is in the possession of Defendant HSBC and is not attached here for privacy reasons).

23.    On or about February 15, 2007, Plaintiff sent another dispute letter to Defendant HSBC pointing out the errors in its letter of February 2, 2007 (a copy of the February 15, 2007, letter is in the possession of HSBC and is not attached here for privacy reasons).

24.    On or about March 6, 2007, Defendant HSBC sent a letter directly to Plaintiff claiming its review was accurate and that Plaintiff would have to deal with Defendant Asta (a copy of the March 6, 2007, letter is in the possession of Defendant HSBC and is not attached here for privacy reasons).

25.    On or about April 30, 2007, Defendant Wolpoff sent a letter directly to Plaintiff seeking to collect on the subject HSBC account (a copy of the April 30, 2007, letter is in the possession of Defendant Wolpoff and is not attached here for privacy reasons).

26.    At all times relevant hereto, Defendants had actual or constructive knowledge that the HSBC debt had been extinguished on or about February 20, 2004 by reason of the aforesaid dismissal Order in the District Court action, and that Plaintiff was represented by an attorney.

27.    The unlawful debt collection methods, acts and practices of Defendants were willful.

28.    As an actual and proximate result of the acts and omissions of Defendants, Plaintiff has suffered actual damages and injury, including but not limited to, monetary loss, fear, stress, mental anguish, emotional stress and suffering for which she should be compensated in an amount to be established by jury and at trial.

29.    Plaintiff claims damages in excess of $25,000 and/or equitable relief, and this cause is otherwise within the jurisdiction and venue of this Court.

**COUNT I**
**FAIR DEBT COLLECTION PRACTICES ACT**
**15 USC 1692, *et seq* - DEFENDANTS WOLPOFF, PALISADES,**
**ASTA, AND SHERMETA, ONLY**

30.    Plaintiff incorporates by reference all facts and allegations set forth in this Complaint.

31.     This Court has jurisdiction to decide claims under the Fair Debt Collection Practices Act pursuant to 15 USC 1692k(d).

32.     Defendants Wolpoff, Palisades, Asta and Shermeta, violated the FDCPA including but, not limited to:

a.      Communicating with Plaintiff in connection with the collection of a debt even though Defendants knew that Plaintiff was represented by an attorney with respect to the debt and had knowledge of, or could readily ascertain the attorney's name and address, in violation of 15 USC 1692c(a)(2);

b.      Continuing to attempt to collect a debt after receiving timely written notice from Plaintiff that the debt is disputed and even though Defendants knew that the alleged debt had been discharged by reason of the aforesaid settlement and court order and could not be lawfully verified, in violation of 15 USC 1692g(b);

c.      Falsely representing the character, amount and legal status of the alleged debt, in violation of 15 USC 1629e(2)(A);

d.      Threatening to pursue the alleged debt when Defendants knew or should have known that they had no legal right to pursue the alleged debt, in violation of 15 USC 1629e(5);

e.      Falsely representing or implying that the sale or transfer of the alleged debt subjected Plaintiff to liability for payment of same, despite the aforesaid settlement and court order, in violation of 15 USC 1629e(6)(A);

f.      Communicating or threatening to communicate credit information concerning the alleged debt on Plaintiff's credit history when Defendants knew or should have known that the debt was discharged by reason of the aforesaid settlement and court order and failing to communicate that the alleged debt is disputed, in violation of 15 USC 1629e(8);

g.      Falsely representing to Plaintiff that the alleged debt was still owed in an attempt to collect the debt, in violation of 15 USC 1629e(10);

6

h.    Falsely representing or implying that the alleged debt had been sold or transferred to an innocent purchaser for value, in violation of 15 USC 1629e(12);

i.    Attempting to collect on a debt that is not owed, in violation of 15 USC 1629f(1);

j.    Accessing Plaintiff's credit history without a permissible purpose as defined under the Fair Credit Reporting Act, the natural consequence of which is to harass, oppress or abuse Plaintiff, in violation of 15 USC 1629d;

k.    Using an unfair or unconscionable means to attempt to collect the alleged debt, to-wit: accessing Plaintiff's credit history without a permissible purpose as defined under the Fair Credit Reporting Act, in violation of 15 USC 1629f;

l.    Such other and further violations as may be determined through further investigation and discovery.

WHEREFORE, Plaintiff prays that this Honorable Court enter Judgment against the aforesaid Defendants for:

a.    Actual damages pursuant to 15 USC 1692k(a)(1);

b.    Statutory damages pursuant to 15 USC 1692k(a)(2)(A);

c.    Costs and reasonable attorney fees pursuant to 15 USC 1692k(a)(3);

d.    A declaration that Defendants' practices violate the FDCPA; and

e.    Such other and further relief as this Court deems just and proper.

## COUNT II

### VIOLATION OF MICHIGAN COLLECTION PRACTICES ACT
### MCL 445.251, *et seq* - ALL DEFENDANTS

33.    Plaintiff incorporates by reference all facts and allegations set forth in her Complaint.

34.    Plaintiff is a "consumer" or "debtor" within the meaning of MCLA 445.251(d).

7

35.     Defendants are "collection agencies," "creditors" or "principals" within the meaning of MCLA 445.251(b) and (e).

36.     In attempting to collect payments on the debt, Defendants engaged in the following unfair and deceptive acts, methods or practices:

    a.     Falsely reporting and/or threatening to report to various credit reporting agencies that Plaintiff continued to be liable on the alleged debt, in violation of MCLA 445.252(f);

    b.     Using harassing, oppressive and abusive methods to collect a debt, including but not limited to, selling and/or transferring the alleged debt subsequent to the aforesaid settlement and court order, and accessing Plaintiff's credit history without a permissible purpose as defined under the Fair Credit Reporting Act, in violation of MCLA 445.252(n);

    c.     Misrepresenting the legal status of the alleged debt, in violation of MCLA 445.252(f)(i) and (iii);

    d.     Failing to implement procedures designed to prevent violations of MCLA 445.252 by its employees, in violation of MCLA 445.252(q);

    e.     Such other and further acts and practices as may be discovered through further investigation and discovery.

37.     The foregoing acts and practices by Defendants were wilful.

38.     As a result of Defendants' actions above, Plaintiff has suffered the damages, including but not limited to, damage to her business and community reputation, extreme mental distress, aggravation, humiliation and embarrassment and, also is entitled to statutory damages, treble damages and attorney fees as provided in the Michigan Collection Practices Act, specifically, MCLA 445.257(2).

WHEREFORE, Plaintiff prays for Judgment against Defendants in whatever amount above $25,000 she is found to be entitled, together with statutory damages, treble damages, interest, costs and reasonable attorney fees as provided by statute.

## COUNT III

### VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 USC 1681, *ET SEQ* - ALL DEFENDANTS

39.     Plaintiff incorporates by reference all facts and allegations set forth in this Complaint.

40.     This Court has jurisdiction to decide claims under the Fair Credit Reporting Act pursuant to 15 USC 1681(p).

41.     Plaintiff is a natural person and a "consumer" as defined by 15 USC 1681a(c).

42.     Pursuant to 15 USC 1681s-2, Defendants had various duties, including but not limited to the duty to:

a.     Refrain from reporting to any consumer reporting agency information it knows or has reason to know is inaccurate, 15 USC 1681s-2(1)(A);

b.     Refrain from reporting to any consumer reporting agency erroneous information after receiving notice and confirmation that the information is erroneous, 15 USC 1681s-2(1)(B);

c.     Promptly notify any consumer reporting agency to whom it furnished information concerning Plaintiff any corrections to that information that is necessary to make the information complete and accurate, and to refrain from thereafter furnishing any information that remains incomplete or inaccurate, 15 USC 1681s-2(2)(B);

d.     Refrain from reporting to any consumer reporting agency any information that is disputed by the consumer without also providing notice that such information is disputed by the consumer, 15 USC 1681s-2(3);

e.     Provide notice, in writing, to the consumer of furnishing negative information concerning the consumer to any consumer reporting agency, 15 USC 1681s-2(7)(A)(i);

f.     Provide the written notice required under 15 USC 1681s-2(7)(A)(i) no later than 30 days after furnishing the negative information to a consumer reporting agency, 15 USC 1681s-2(B)(i).

9

43.     Defendants breached the aforesaid duties in the following particulars, including but not limited to:

        a.     Reporting to various consumer reporting agencies, including but not limited to, Equifax, Experian, Innovis and TransUnion, that Plaintiff continued to owe the alleged debt, when Defendants knew or had reason to know that this information was inaccurate, in violation 15 USC 1681s-2(1)(A);

        b.     Continuing to report that Plaintiff owed the alleged debt after receiving notice and confirmation that the information is erroneous, in violation of 15 USC 1681s-2(1)(B);

        c.     Failing to notify any consumer reporting agency to whom it furnished information that Plaintiff did not owe the alleged debt and to make any corrections to information Defendants had reported that were necessary to make the information complete and accurate, and continuing to furnish information that was incomplete or inaccurate, in violation of 15 USC 1681s-2(2)(B);

        d.     Failing to report to any consumer reporting agency to whom it reported that Plaintiff disputed the alleged debt, in violation of 15 USC 1681s-2(3);

        e.     Failing to provide notice, in writing, to Plaintiff of furnishing negative information concerning the consumer to any consumer reporting agency, in violation of 15 USC 1681s-2(7)(A)(i);

        f.     Failing to provide Plaintiff with the written notice required under 15 USC 1681s-2(7)(A)(i) within 30 days after furnishing the negative information to a consumer reporting agency, 15 USC 1681s-2(B)(i).

44.     Defendant Wolpoff had a further duty to refrain from obtaining a consumer report concerning Plaintiff's credit history absent a permissible purpose as defined in 15 USC 1681b.

45.     Defendant Wolpoff violated the aforesaid duty by accessing Plaintiff's credit history on January 3, 2007, when Defendant knew or should have known that they did not have a permissible purpose to do so.

10

46.     As a direct and proximate result of Defendants' breaches of duty, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from a credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

47.     Defendants' conduct, action and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC §1681n; in the alternative, it was negligent entitling the Plaintiff to recover under 15 USC 1681o.

48.     Plaintiff is entitled to recover actual or statutory damages, costs and attorney's fees from Defendants pursuant to 15 USC 1681n and/or 1681o.

WHEREFORE, Plaintiff prays for Judgment against Defendants in whatever amount above $25,000 she is found to be entitled, plus statutory and punitive damages, costs and attorney fees, together with such other and further relief as this Court deems appropriate.

## COUNT IV

## BREACH OF CONTRACT - DEFENDANT HSBC, ONLY

49.     Plaintiff incorporates by reference all facts and allegations set forth in this Complaint.

50.     In order to resolve the aforesaid District Court action, Plaintiff and Defendant HSBC entered into an agreement that has been satisfied and the parties stipulated to the entry of an order dismissing the action with prejudice and without costs to any party.

51.     Thereafter, Defendant HSBC breached the aforesaid settlement agreement by continuing collection efforts as to the alleged debt and/or by selling and/or transferring the debt to third parties.

52.     As a direct and proximate result of Defendant HSBC's breach, Plaintiff has suffered damages as herein alleged, plus additional costs and attorney fees in an attempt to obtain relief from Defendant's breach.

WHEREFORE, Plaintiff prays that this Honorable Court enter Judgment against Defendant HSBC in whatever amount above $25,000 Plaintiff is found to be entitled, together with interest, costs and reasonable attorney fees.

11

## COUNT V

### VIOLATION OF MICHIGAN CONSUMER PROTECTION ACT
### MCLA 445.901, *et seq* - ALL DEFENDANTS

53.     Plaintiff incorporates by reference all facts and allegations set forth in this Complaint.

54.     Plaintiff is a "person" as defined in the Michigan Consumer Protection Act, MCLA 445.902(c).

55.     The transactions complained of herein constitute "trade or commerce" as defined in the Michigan Consumer Protection Act, MCLA 445.902(d).

56.     In the course of the transactions which are the subject of this lawsuit, Defendants engaged in following unfair and deceptive methods, acts or practices:

> a.     Caused the probability of confusion or of misunderstanding as to the legal rights, obligations or remedies of a party to a transaction;
>
> b.     Failing to provide promised benefits, including but not limited to, benefits arising by operation of law;
>
> c.     Violations of state and federal statutes as alleged in this Complaint;
>
> d.     Such other and further violations as may be determined upon further investigation and discovery.

57.     The above described conduct violated the Michigan Consumer Protection Act, specifically but not limited to MCLA 445.903 and the sub-paragraphs contained therein.

58.     The aforesaid violations were not due to a bona fide error, inasmuch as Defendants failed to have any procedures in place designed to prevent the aforesaid violations and, further, upon information and belief, Defendants have engaged in the same or similar acts and practices in connection with transactions with other consumers.

59.     As a result of the Defendants' actions above Plaintiff has suffered a loss within the meaning of the Act and is also entitled to statutory damages and attorney fees as provided in the Act, specifically, MCLA 445.911.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

12

a. Money damages in whatever amount above $25,000, Plaintiff is found to be entitled, plus interest, costs and statutory attorney fees:

b. Declaratory judgment that the above described methods, acts and/or practices are unlawful under MCLA 445.903;

c. Permanently enjoining Defendants from engaging in the above described methods, acts and/or practices;

d. Such other and further relief as this Court deems just.

## COUNT VI
## EXEMPLARY DAMAGES - ALL DEFENDANTS

60. Plaintiff incorporates by reference all facts and allegations set forth in this Complaint.

61. The acts and omissions alleged against Defendants were wilful and wanton and, as a result, exacerbated Plaintiff's damages.

WHEREFORE, Plaintiff prays for an award of exemplary damages against Defendants, together with such other and further relief as this Court deems appropriate.

## JURY DEMAND

Plaintiff demands a jury trial in the above entitled cause.

Respectfully submitted,

LIBLANG & ASSOCIATES, P.C.,

BY: _____
DANI K. LIBLANG (P33713)
Attorneys for Plaintiff
260 East Brown Street, Suite 320
Birmingham, MI 48009
(248) 540-9270

DATED: November 26, 2007

13

# Exhibit B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

JOYCE E. SCHMIDT,

       Plaintiff,

    vs.

WOLPOFF & ABRAMSON, LLP, a District
of Columbia Limited Partnership, PALISADES
COLLECTION, LLC, a Delaware Limited Liability
Company, HSBC Card Services, Inc., a Delaware
Corporation, ASTA FUNDING, INC., a New Jersey
Corporation, and SHERMETA, ADAMS &
VONALLMEN, d/b/a SHERMETA & ADAMS,
P.C., a Michigan Professional Corporation,

       Defendants.

Case: 2:08-cv-10127
Judge: Borman, Paul D
Referral MJ: Komives, Paul J
Filed: 01-08-2008 At 04:49 PM
REM SCHMIDT V WOLPOFF & ABRAMSON, e
t al (LMW)

### CONSENT TO REMOVAL

Comes now Defendant HSBC Card Services, Inc. and acknowledges its consent
to removal of this action from the Circuit Court for the County of Oakland, State of
Michigan to the United States District Court for the Eastern District of Michigan.

Dated: January ___7___, 2008

Respectfully submitted,

Stephen W. King
Dykema Gossett PLLC
39577 Woodward Avenue, Suite 300
Bloomfield Hills, Michigan 48304

*Counsel for HSBC Card Services, Inc.*

1080917v1

# Exhibit C

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

JOYCE E. SCHMIDT,

        Plaintiff,

    vs.

WOLPOFF & ABRAMSON, LLP, a District                Court File No.:
of Columbia Limited Partnership, PALISADES
COLLECTION, LLC, a Delaware Limited Liability
Company, HSBC Card Services, Inc., a Delaware
Corporation, ASTA FUNDING, INC., a New Jersey
Corporation, and SHERMETA, ADAMS &
VON ALLMEN, d/b/a SHERMETA & ADAMS,
P.C., a Michigan Professional Corporation,

        Defendants.

### CONSENT TO REMOVAL

Comes now Defendant Shermeta, Adams & Von Allmen, d/b/a Shermeta & Adams, P.C. and acknowledges its consent to removal of this action from the Circuit Court for the County of Oakland, State of Michigan to the United States District Court for the Eastern District of Michigan.

Dated: January ___8___, 2008

                             Respectfully submitted,

                             _Michelle T. Arell P55407_
                             Melvin R. Schwartz
                             Schwartz, Jalkanen & Hannum, P.C.
                             24445 Northwestern Highway, Suite 200
                             Southfield, Michigan 48075-6501

                             _Counsel for Shermeta, Adams & Von_
                             _Allmen, d/b/a Shermeta & Adams, P.C._

1080932v1

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET County in which this action arose

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Joyce E. Johnson

## DEFENDANTS
Schoeneweis, Adams &
Lindeman

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Dani Liblang

Attorneys (If Known)
Steven Jansen

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☒ 3 Federal Question (U.S. Government Not a Party)

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place | ☐ 4 | ☐ 4 |

Case: 2:08-cv-10127
Judge: Borman, Paul D
Referral MJ: Komives, Paul J
Filed: 01-08-2008 At 04:49 PM
REM SCHMIDT V WOLPOFF & ABRAMSON, e t al (LMW)

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

480 Other

**TORTS**
**PERSONAL INJURY**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury

**PERSONAL INJURY**
☐ 362 Personal Injury - Med. Malpractice
☐ 365 Personal Injury - Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/ Accommodations
☐ 444 Welfare
☐ 445 Amer. w/Disabilities - Employment
☐ 446 Amer. w/Disabilities - Other
☐ 440 Other Civil Rights

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence
**Habeas Corpus:**
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**FORFEITURE/PENALTY**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs.
☐ 660 Occupational Safety/Health
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organization
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 890 Other Statutory Actions
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Information Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes

480 Other

## V. ORIGIN (Place an "X" in One Box Only)
☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions)
JUDGE  15 USC 1692 K (d)
DOCKET NUMBER

DATE

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

## PURSUANT TO LOCAL RULE 83.11

1.       Is this a case that has been previously dismissed?          ☐ Yes

If yes, give the following information:                                  ☑ No

Court: _____

Case No.: _____

Judge: _____


2.       Other than stated above, are there any pending or previously
discontinued or dismissed companion cases in this or any other
court, including state court? (Companion cases are matters in which          ☐ Yes
it appears substantially similar evidence will be offered or the same         ☑ No
or related parties are present and the cases arise out of the same
transaction or occurrence.)

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____


Notes :